UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM O'NEAL,

    Plaintiff,

v.                                            Case No: 8:16-cv-495-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, William O'Neal, seeks judicial review of the denial of his claims for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.     Procedural Background**

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on June 25, 2012. (Tr. 11, 179.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 124, 129, 136.) Plaintiff then requested an administrative hearing. (Tr. 146.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 28-67.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 8-22.) Subsequently, Plaintiff requested review from the Appeals Council, which

the Appeals Council denied. (Tr. 1-3.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1959,[1] claimed disability beginning on January 1, 2008. (Tr. 214.) Plaintiff has a high school education. (Tr. 220.) Plaintiff's past relevant work experience includes work as a driver, housekeeping aide, laborer excavating roads, laundry worker, maintenance worker, and warehouse worker. (Tr. 221.) Plaintiff alleged disability due to Hepatitis C, depression, bipolar disorder, and mental health problems. (Tr. 220.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since January 1, 2008, the alleged onset date. (Tr. 14.) After conducting a hearing and reviewing the evidence of record, the ALJ noted that prior to April 3, 2013, Plaintiff had the following medically determinable impairments: knee arthritis with right knee meniscal tear, atypical chest pain, Hepatitis C, anxiety disorder, and a history of cocaine dependence. (Tr. 15.) Notwithstanding the noted impairments, the ALJ concluded that prior to April 3, 2013, Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months. (Tr. 15.) Further, the ALJ found that Plaintiff's medically determinable impairments prior to April 3, 2013, could have been reasonably expected to produce his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effect of the symptoms were not entirely credible. (Tr. 16.) The ALJ found that Plaintiff did not have a severe impairment and was not disabled prior to April 3, 2013. (Tr. 15.) The ALJ further found that Plaintiff was not disabled at any time through December 31, 2012, the date last insured. (Tr. 22.)

---

[1] Plaintiff's date of birth is at issue as Plaintiff contends his correct date of birth is February 23, 1956, not February 23, 1959.

The ALJ then determined that Plaintiff had the following severe impairments beginning April 3, 2013: degenerative joint disease of the right knee and obesity. (Tr. 20.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20-21.) The ALJ concluded that since April 3, 2013, Plaintiff retained a residual functional capacity ("RFC") to perform the full range of sedentary work. (Tr. 21.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints beginning on April 3, 2013, and determined that Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were generally credible. (Tr. 21.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff has not been able to perform his past relevant work since April 3, 2013. (Tr. 21.) Given Plaintiff's background and RFC, the VE testified that subsequent to April 3, 2013, Plaintiff could not perform other jobs existing in significant numbers in the national economy. (Tr. 22.) Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff became disabled on April 3, 2013. (Tr. 22.)

Accordingly, the ALJ issued a decision partially favorable to Plaintiff. (Tr. 11-22.) The ALJ found Plaintiff disabled as of April 3, 2013, and awarded Plaintiff supplemental security income benefits. (Tr. 20-22.) The ALJ, however, found Plaintiff not disabled prior to April 3, 2013, and not eligible for a period of disability or disability insurance benefits, because he was not disabled before December 31, 2012, Plaintiff's date last insured. (Tr. 11-22.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to consult a medical advisor to infer the onset date of Plaintiff's disability; and (2) the ALJ failed to clarify Plaintiff's date of birth. For the reasons that follow, neither of these contentions warrant reversal.

A. **Onset Date of Plaintiff's Disability**

Plaintiff contends that the ALJ erred in failing to consult a medical advisor to determine whether Plaintiff had a severe impairment on or before December 31, 2012, or prior to April 3, 2013. (Dkt. 14 at 8.) Plaintiff specifically contends that the ALJ should have consulted a medical advisor to determine Plaintiff's disability onset date under Social Security Ruling ("SSR") 83-20. (Dkt. 14 at 7.)

An individual claiming Social Security disability benefits must prove that he is disabled. *See* 20 C.F.R. § 404.1512(a); *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir. 1999). For supplemental security claims, a claimant becomes eligible in the first month when he is both disabled and has an application on file. 20 C.F.R. § 416.202-03 (2005). For disability insurance benefits and a period of disability claims, a claimant is eligible for benefits if he demonstrates disability on or before the last date for which he was insured. 42 U.S.C. § 423(a)(1)(A) (2005). The Plaintiff bears the burden of proving an impairment is a severe impairment. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Therefore, to be entitled to disability insurance benefits or a period of disability, Plaintiff must demonstrate disability on or before the last date for which he was insured, December 31, 2012. *See Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005) (citing 42 U.S.C. § 423(a)(1)(A)). The ALJ found that Plaintiff was disabled as of April 3, 2013, but not at any time prior. (Tr. 13.) Thus, the ALJ awarded Plaintiff supplemental security income, but not disability insurance benefits or a period of disability.

Plaintiff argues that his knee impairment was severe and disabling prior to April 3, 2013. (Dkt. 14 at 7.) In support of his argument, Plaintiff points to a record from Dr. Jose Perez-Arce on January 3, 2013, wherein Plaintiff reported a history of pain in his right knee for several years.

(Tr. 455.) Plaintiff also reported that he could not walk one block due to the pain. (Tr. 455.) His range of motion was limited, and he was unable to walk toe-to-heel or squat. (Tr. 459.) Dr. Perez-Arce recommended orthopedic evaluation and treatment. (Tr. 459.)

However, the January 3, 2013, record does not contain any restrictions on Plaintiff's ability to work. Further, although Plaintiff was diagnosed with several impairments prior to the last date for which he was insured, the medical records do not establish that Plaintiff had restrictions on his ability to work prior to April 3, 2013. Plaintiff bears the burden of showing that he has a severe impairment or combination of impairments that may qualify as a disability. *Hutchinson v. Astrue*, 408 F. App'x. 324, 326 (11th Cir. 2011) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Proof of the mere existence of an impairment does not prove the extent to which the impairment may limit Plaintiff's ability to work. *Hutchinson*, 408 F. App'x. at 326.

Moreover, there is substantial evidence in the medical records to support the ALJ's determination of Plaintiff's onset date. In an extensive review of Plaintiff's medical records, the ALJ found Plaintiff's statements concerning his symptoms not entirely credible prior to April 3, 2013. (Tr. 16.) The ALJ noted that Plaintiff's "symptoms resolved or were never especially limiting. Further, the records suggest non-compliance with treatment, bringing into question the severity of the claimant's reported limitations." (Tr. 16.) For example, Plaintiff failed to attend his scheduled knee surgery with the Department of Veteran Affairs ("VA") hospital on October 13, 2011, and did not call to reschedule until February 16, 2012. (Tr. 314.) Plaintiff then failed to appear for his pre-operation visit on March 22, 2012, causing his rescheduled surgery to be

canceled. (Tr. 310.) He then failed to return the VA's phone calls to reschedule the operation. (Tr. 17, 310.)

The ALJ also considered that despite Plaintiff's reports of chronic pain, meniscal tear and knee pain, Plaintiff remained able to walk, retained a normal gait, and presented to multiple physicians without any complaints regarding his right knee prior to April 3, 2013. For example, in September 2011, Plaintiff was treated at the VA hospital for knee pain, but was able to walk with a normal gait. (Tr. 316.) Plaintiff was also noted to walk with a steady gait in May 2012. (Tr. 305, 308.) On August 22, 2012, Plaintiff was seen by Dr. Linda Appenfeldt for a consultative examination. Plaintiff's gait, stance, and ambulation were noted as unremarkable. (Tr. 428.) Further, he ambulated without the use of an assistive device and did not display any visible or audible evidence of pain during the evaluation. (Tr. 428.) Dr. Appenfeldt also noted that Plaintiff was able to sit, stand, walk, and drive. (Tr. 431.) On October 9, 2012, Plaintiff presented to the VA hospital for an eye irritation and was noted to ambulate with a steady gait. (Tr. 448.) On January 10, 2013, state agency physician Thomas Renny, D.O., reviewed Plaintiff's treatment record, including Dr. Perez-Arce's assessment, and found no severe impairments. (Tr. 113-114.) Specifically, Dr. Renny noted that Plaintiff's ambulation "is effective functionally without a hand held assistive device" and Plaintiff's right knee "impairment is not severe and does not affect function." (Tr. 114.) Lastly, on February 15, 2013, Plaintiff was able to walk with a steady gate. (Tr. 551.)

Plaintiff's daily activities prior to April 3, 2013, also support the ALJ's onset determination. For example, on May 1, 2012, Plaintiff reported chest pains due to working out and lifting weights at the gym and admitted going to the gym regularly. (Tr. 307.) Further, in August 22, 2012, Plaintiff reported doing odd jobs, including washing a car for money two weeks

earlier. (Tr. 430.) These daily activities provide further substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled prior to April 3, 2013.

Plaintiff argues that the ALJ erred because he was required to consult a medical advisor to determine Plaintiff's disability onset date pursuant to SSR 83-20. (Dkt. 14 at 7.) Plaintiff contends that he was treated in the VA clinic only three days after the last day he was insured, complaining of pain and difficulty walking, and made an appointment for April 3, 2013. (Dkt. 14 at 7.) According to Plaintiff, this evidence creates a "reasonable probability that had the ALJ utilized a medical expert to give an opinion as to whether it could be inferred that the claimant had a severe impairment prior to April 3, 2013, and even prior to December 31, 2012, the medical expert would have answered in the affirmative." (Dkt. 14 at 7.)

SSR 83-20 prescribes the policy and procedure by which the ALJ should determine the onset date of a disability. Specifically, SSR 83-20 provides that an ALJ should consult a medical advisor when the ALJ must infer that the disability onset date occurred prior to the date of the first recorded medical examination:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

*Titles II & Xvi: Onset of Disability*, SSR 83-20 (S.S.A. 1983). SSR 83-20 provides an example of when the disability onset date needs to be inferred and a medical advisor should be consulted. In the example, the only medical evidence available regarding the claimant's alleged disability is a single record almost a year after the alleged onset date. *Id.*

SSR 83-20 also provides that medical evidence serves as the primary element in the determination of the disability onset date. It specifically notes that determining the onset date may be difficult when the alleged onset date is far in the past and adequate medical records are not available:

> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination. Reports from all medical sources (e.g., physicians, hospitals, and government agencies) which bear upon the onset date should be obtained to assist in determining when the impairment(s) became disabling.
>
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

SSR 83-20.

In contrast to the example given in SSR 83-20, Plaintiff's medical records contain a vast amount of evidence regarding his right knee injury. As noted above, the evidence supports the finding that Plaintiff did not have a severe impairment prior to April 3, 2013. Adequate medical records with treatment notes and diagnoses regarding Plaintiff's right knee were available for the ALJ to consider from both before and after the date last insured. The medical records also contain specific references to Plaintiff's work history and daily activities. Although Plaintiff points to the January 3, 2013, record as evidence of his knee disability, there are no functional limitations contained in the record and no diagnostic tests were performed. Further, Dr. Perez-Arce's only impression regarding Plaintiff's right knee is a statement that "[p]atient has a history of right knee pain, unclear type of injury. Orthopedic evaluation and proper treatment advised." (Tr. 459.) Moreover, a state agency physician opined that Plaintiff did not have a severe impairment that

same month.  (Tr. 113-114.)  On April 3, 2013, Plaintiff was diagnosed with degenerative joint disease of the right knee based on x-rays.  (Tr. 545.)  Plaintiff was then scheduled for synvisc knee injections, and a subsequent June 12, 2013, MRI confirmed the degenerative changes in Plaintiff's knee.  (Tr. 545, 555.)  Thus, the ALJ did not require a medical advisor as the disability onset date did not need to be inferred.  *See Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 939 (11th Cir. 2014).

Given the above evidence, the ALJ's decision is supported by substantial evidence, and the ALJ did not err in failing to consult a medical advisor to determine Plaintiff's disability onset date. *Caces*, 560 F. App'x at 939 (affirming the ALJ's finding that plaintiff was not disabled prior to the date last insured because it was "based on ample, unambiguous medical evidence from both before and after the date last insured. Therefore, because the ALJ did not find that [plaintiff] was disabled, and because that finding is supported by the evidence, the ALJ did not err in failing to call a medical expert to determine an onset date of such a disability."); *Moncrief v. Astrue*, 300 F. App'x 879, 882 (11th Cir. 2008) (affirming the Commissioner's disability onset determination "because the record shows that the ALJ did consider the medical evidence before him and substantial evidence supports his decision").

**B.     Plaintiff's Date of Birth**

Plaintiff argues that the ALJ erred in finding that his date of birth is February 23, 1959, because his accurate date of birth is February 23, 1956.  (Dkt. 14 at 8.)  Plaintiff contends that this is important with respect to utilizing the Medical-Vocational Guidelines, Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 2 ("Grids").  (Dkt. 14 at 8.)  The social security records before the ALJ, including the Disability Determination Explanations at the initial and reconsideration levels, Disability Determination and Transmittals, consultative examination

report, and multiple Disability Reports, note Plaintiff's date of birth as February 23, 1959. (Tr. 79, 87, 95, 98, 108, 118-119, 214, 267, 274, 428.) Plaintiff testified that his date of birth is February 23, 1956, a date which is also reflected in Plaintiff's medical records. (Tr. 58, 427, 555.) Plaintiff contends that this distinction is important because using his correct birthday, he was 56 years old as of the date he was last insured, not 53 years old. (Dkt. 14 at 8.)

Plaintiff also states that this issue is irrelevant if this Court affirms the ALJ's determination of Plaintiff's disability onset date and that "if this matter is remanded, it would be appropriate to direct the ALJ to obtain evidence to clarify the Plaintiff's actual date of birth." (Dkt. 14 at 8.) As the ALJ's determination of Plaintiff disability onset date is affirmed, the issue concerning Plaintiff's date of birth is, as Plaintiff argues, obsolete. Indeed, the Court notes that the change in Plaintiff's date of birth would not affect the ALJ's determination that Plaintiff was disabled on April 3, 2013. Based on Plaintiff's RFC to perform the full range of sedentary work, the ALJ correctly used Table Number 1 in the Grids to determine whether Plaintiff was disabled. (Tr. 21-22.) Further, using a date of birth of February 23, 1959, the ALJ determined that Plaintiff was closely approaching advanced age (50 years old to 54 years old) on April 3, 2013. (Tr. 21.) Plaintiff was a high school graduate and had skilled or semiskilled previous work experience with skills that were not transferable. (Tr. 21.) Under Rule 201.14 of Table 1, the ALJ used this information to find Plaintiff disabled as of the disability onset date. (Tr. 22.) If the ALJ used Plaintiff's February 23, 1956, date of birth, the outcome is the same. Plaintiff would have been at an advanced age (55 years old and older) on April 3, 2013. He was a high school graduate and had skilled or semiskilled previous work experience with skills that were not transferable. Rule 201.06 of Table 1 directs a finding of disabled. Thus, Plaintiff's second contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on March 6, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record